IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TEL-CLINTON TRAILER COURTS, INC., d/b/a Shamrock Village Mobile Home Park, EUGENE J. PONZIO, and MILDRED E. WAMPLER, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT AND JURY DEMAND

The United States of America alleges:

1. This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614.

3. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the Eastern District of Michigan, all defendants reside and/or do business in the Eastern District of Michigan, and the claims concern or otherwise relate to real property located in the Eastern District of Michigan.

PARTIES

4.     Defendant Tel-Clinton Trailer Courts, Inc. ("Tel-Clinton"), d/b/a Shamrock Village Mobile Home Park, is a for-profit corporation formed in 1964 under the laws of the State of Michigan. Tel-Clinton has its registered office in Eastpointe, Michigan. At all times relevant to this Complaint, Tel-Clinton has owned and operated Shamrock Village Mobile Home Park ("Shamrock Village"), a 54-unit mobile home park at 1811 North Telegraph Road in Monroe, Michigan. In its operation of Shamrock Village, Tel-Clinton has sold its own mobile homes, offered to finance the purchase of its own mobile homes, brokered the sale of mobile homes owned by others, and rented lots.

5.     Defendant Eugene J. Ponzio is the president and resident agent of Defendant Tel-Clinton. At all times relevant to this Complaint, Mr. Ponzio has established policies and procedures and has made management decisions for the operation of Shamrock Village, including directing agents to carry out his policies, procedures, and decisions. Mr. Ponzio has also made decisions regarding the sales of and financing of purchases of Tel-Clinton's mobile homes. Mr. Ponzio resides and does business in the Eastern District of Michigan.

6.     Defendant Mildred E. Wampler has been, at all times relevant to this Complaint, a property manager of Shamrock Village, and she has assisted Tel-Clinton in its sales of and financing of purchases of its mobile homes. In these capacities, Ms. Wampler has acted as the agent of Defendant Tel-Clinton. Ms. Wampler resides and does business in the Eastern District of Michigan.

FACTUAL ALLEGATIONS

7.     Shamrock Village consists of dwellings within the meaning of 802(b) of the Fair Housing Act, as amended. 42 U.S.C. § 3602(b).

8.      In or around April 2009, Cassandra Kraehnke, a bona fide home seeker, called Shamrock Village to inquire about housing for herself, her husband, her minor child, and a child with whom she was pregnant at the time. She spoke with a female agent of Shamrock Village who did not identify herself. The female agent told Ms. Kraehnke, "Oh, I'm sorry. We only allow one child here. We don't have a playground or anything for them to do outside," or words to that effect.

9.      On August 19, 2009, Ms. Kraehnke contacted the Fair Housing Center of Southeastern Michigan ("the FHCSM") and complained to the FHCSM about her treatment by the agent at Shamrock Village.

10.     Following Ms. Kraehnke's complaint, the FHCSM conducted a series of three fair housing tests, using "testers" to compare the treatment afforded to prospective home seekers at Shamrock Village depending on their familial status. Testers are persons who, without the intent to obtain a home, seek information about the availability of housing to determine whether unlawful discriminatory practices are occurring.

11.     During the FHCSM's tests of Shamrock Village, Tel-Clinton's agents told testers that prospective tenants with more than one child were not allowed to reside at Shamrock Village, that the property was not suitable for children because it did not have amenities for children, and that extra lot rental fees applied to households with children. On those bases, Tel-Clinton's agents also refused to allow testers who claimed to have two children to continue to negotiate for the sale or rental of a dwelling at Shamrock Village. Tel-Clinton's agents also told testers that there was owner-financing available on purchases of Tel-Clinton's mobile homes, but refused to allow testers who claimed to have two children to continue to negotiate for the sale or financing or rental of a dwelling at Shamrock Village.

12. The testing undertaken by the FHCSM revealed that defendant Ponzio established policies and practices for Shamrock Village that discriminate against families with children, and that those policies and practices were implemented by defendant Tel-Clinton's agents and employees at Shamrock Village, including defendant Wampler.

13. Defendant Tel-Clinton is vicariously liable for the actions of its agents and employees.

14. For a period of time until at least February 8, 2010, the Defendants made, printed, or published, or caused to be made, printed or published, an advertisement for Shamrock Village on the website www.mhvillage.com containing the following statement: "We are more a adult community because we dont have anything to offer children [*sic*]."

15. Through the actions outlined above, and through other similar interactions with prospective tenants and owners, the Defendants have engaged in discriminatory policies and practices at Shamrock Village against families with children. Such practices include, but may not be limited to:

    a. Prohibiting prospective home seekers from having more than one minor child in two- and three-bedroom mobile homes;

    b. Informing prospective home seekers with more than one minor child that such families are not allowed;

    c. Informing prospective home seekers with more than one minor child that the property is not suitable for children and/or has no amenities for children;

    d. Refusing to negotiate for the sale or financing of mobile homes or the rental of mobile home lots with families with more than one minor child,

and prohibiting such families from moving into Shamrock Village, while allowing other types of families; and,

e. Requiring extra rental fees on prospective home seekers with minor children based on the presence of children in their household, while not imposing such extras fees on similarly situated residents without children.

## FAIR HOUSING ACT CLAIM

16. By their actions alleged in this Complaint, the Defendants have engaged in:

   a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; and,

   b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, raising an issue of general public importance.

17. There are persons who have been harmed by the Defendants' discriminatory housing practices. Such persons have been injured by a discriminatory housing practice and are aggrieved persons as defined in 42 U.S.C. § 3602(i). Cassandra Kraehnke, her husband Harley Kraehnke, and their two children are aggrieved persons as defined in 42 U.S.C. § 3602(i).

18. The Defendants' conduct alleged in this Complaint was intentional, willful, and taken in disregard of the rights of others.

## PRAYER FOR RELIEF

19. WHEREFORE, the United States prays that the Court enter an order that:

   a. Declares that the Defendants' policies and practices, as alleged herein, violate the Fair Housing Act, 42 U.S.C. §§ 3601-3619;

   b. Enjoins the Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with any of them, from:

    i. Discriminating against any person on the basis of familial status in violation of the Fair Housing Act in any aspect of the sale or rental of a dwelling;

    ii. Failing or refusing to notify the public that dwellings owned or operated by the Defendants are available to all persons on a nondiscriminatory basis;

    iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, any aggrieved persons to the position they would have been in but for the discriminatory conduct; and,

    iv. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of the Defendants' unlawful practices.

c. Awards monetary damages to each person injured by the Defendants' conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B); and,

d. Assesses a civil penalty against the Defendants in the amount authorized by 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

The United States hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 5, 2011

                    ERIC H. HOLDER, JR.
                    Attorney General

| | |
|---|---|
| | *s/ Thomas E. Perez* |
| BARBARA L. MCQUADE | THOMAS E. PEREZ |
| United States Attorney | Assistant Attorney General |
| Eastern District of Michigan | Civil Rights Division |
| | |
| *s/ Susan K. DeClercq* | *s/ Steven H. Rosenbaum* |
| SUSAN K. DECLERCQ | STEVEN H. ROSENBAUM |
| Assistant United States Attorney | Chief, Housing and Civil Enforcement Section |
| 211 West Fort Street, Suite 2001 | Civil Rights Division |
| Detroit, Michigan  48226 | |
| Phone:  (313) 226-9149 | |
| susan.declercq@usdoj.gov | *s/ Christopher J. Fregiato* |
| | TIMOTHY J. MORAN |
| | Deputy Chief |
| | CHRISTOPHER J. FREGIATO |
| | Attorney |
| | Housing and Civil Enforcement Section |
| | Civil Rights Division |
| | U.S. Department of Justice |
| | 950 Pennsylvania Avenue, N.W. |
| | Northwestern Building |
| | Washington, D.C.  20530 |
| | Phone:  (202) 305-0022 |
| | Fax:  (202) 514-1116 |
| | christopher.fregiato@usdoj.gov |